UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF RENATO MARTI,            Case No. 1:19-cv-980
       Plaintiff,                                     Barrett, J.
                                                        Litkovitz, M.J.
      vs.

DELPHINE RICE, et al.,                 **ORDER**
       Defendants.

Plaintiff initiated this action alleging a 42 U.S.C. § 1983 claim for unconstitutionally inadequate medical care in violation of the Fourth and Fourteenth Amendment and a state law wrongful death claim under Ohio Revised Code § 2125.02. (Doc. 1). This matter is before the Court on defendants' motion for leave to file deposition exhibits under seal in connection with defendants' motion for summary judgment. (Doc. 75).

**I. Defendants' motion for leave to file deposition exhibits under seal (Doc. 75)**

Defendants seek to file the deposition exhibits under seal because many of the exhibits contain documents "which are marked as confidential pursuant to a signed Protective Order." (*Id.*, citing Doc. 24). Defendants contend that "the exhibits are necessary but should not be accessible by the public or on the docket." (*Id*. at PAGEID 259).

**II. Standard of Review**

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting

2

*Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

## III. Analysis

Defendants seek a blanket order sealing "certain confidential documents [that] have been attached to depositions as exhibits. . . ." (Doc. 75 at PAGEID 259). Defendants contend that "the exhibits are necessary but should not be accessible by the public or on the docket" because the documents are "confidential" pursuant to the protective order previously entered in this case. (*Id.*, citing Doc. 24).

The Court recognizes there may be a compelling interest in maintaining the confidentiality of certain documents. However, defendants have not identified the specific documents they seek to seal or provided any reasons, other than the presence of the confidentiality provision in the protective order, why these documents should be sealed. The fact that these documents may have been marked "confidential" and produced pursuant to a protective order does not justify its sealing. In *Shane Group*, the sole justification for sealing documents in that case was that the filings included materials "designated as a confidential" pursuant to a joint protective order. *Shane Grp.*, 825 F.3d at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id*. The Court of Appeals stated, "In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id*. at 307. The Sixth Circuit explained that "a mere protective order [that] restricts access to discovery materials is not reason enough, as shown above, to seal from public view materials that the parties have chosen to place *in the court record*." *Id*. (emphasis in original).

3

As the party seeking to seal these documents, defendants carry the heavy burden of overcoming the presumption of openness document-by-document with reference to specific reasons and/or legal citations.  *Shane Grp.*, 825 F.3d at 305-06.  Defendants' motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether plaintiff objects.  *Id.* at 306.

Defendants' motion to seal (Doc. 75) is therefore **DENIED** subject to reconsideration upon the submission of a motion consistent with the law summarized above.  The Court notes that in the event any future motion to seal is granted, a redacted version of the deposition exhibits will be required to be filed on the Court's docket.

**IT IS SO ORDERED**.

Date: 6/24/2022

Karen L. Litkovitz
Chief United States Magistrate Judge