UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ESTATE OF RENATO MARTI,             Case No. 1:19-cv-980
     Plaintiff,                                         Barrett, J.
                                                     Litkovitz, M.J.

     vs.

DELPHINE RICE, et al.,                           **ORDER**
     Defendants.

Plaintiff initiated this action alleging a 42 U.S.C. § 1983 claim for unconstitutionally inadequate medical care in violation of the Fourth and Fourteenth Amendment and a state law wrongful death claim under Ohio Revised Code § 2125.02. (Doc. 1). This matter is before the Court on plaintiff's motion for leave to file exhibits under seal or for an order to file on the public docket. (Doc. 99).

**I. Plaintiff's motion for leave to file exhibits under seal or for an order to file on the public docket (Doc. 99)**

Plaintiff has filed a motion for leave to file exhibits in support of the opposition to defendants' motion for summary judgment under seal or, in the alternative, for an order directing plaintiff to file the exhibits on the public docket. (*Id.*). In the motion, plaintiff identifies the following documents that plaintiff seeks to file on the docket of the Court in support of the response in opposition to defendants' motion for summary judgment[1]:

- Ex. 31 – NaphCare LPN Job Description
- Ex. 33 – "Nursing Protocol 101" Training Presentation
- Ex. 36 – Nursing Protocol: Head Injury
- Ex. 37 – Marti Progress Notes
- Ex. 51 & 52 – Rice/Spiers Training History
- Ex. 54 – "Documentation" Training Presentation
- Ex. 57 – Nursing Protocol: Abrasion/Laceration/Wound
- Ex. 58 – Delphine Rice Disciplinary Form

---

[1] On July 15, 2022, plaintiff filed a redacted version of the response in opposition to defendants' motion for summary judgment. (Doc. 114).

- Ex. 63 – NaphCare Mortality Review
- Ex. 64 – Emails – Maria Perdikakis/Sgt. Pierce
- Ex. 65 – Emails – Maria Perdikakis/Delphine Rice
- Ex. 66 – Delphine Rice Disciplinary Form - Final Written Warning

(*Id*. at PAGEID 2773).  Plaintiff argues that "these documents contain important evidence demonstrating disputes of fact which should preclude summary judgment in this case." (*Id*.). Plaintiff states that counsel for plaintiff "conferred with counsel for Defendants via email, seeking permission to file the above documents on the public docket and to make references to their content in briefing filed on the public docket." (*Id*.).  Plaintiff states that defendants "object[ed] to filing these documents and references to their content on the public docket" because "their contents qualify as 'Confidential Information' not subject to public disclosure as defined in the [parties' stipulated protective] Order." (*Id*.).

## II.  Standard of Review

Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown."  A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files.").  This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions.  *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81).  The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-

disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

**III. Analysis**

To the extent that defendants object to plaintiff filing the aforementioned documents on the public docket, defendants are **ORDERED** to respond to plaintiff's motion (Doc. 99) within **seven (7) days** of the date of this Order, explaining, with specificity, why the documents should

3

be sealed pursuant to the factors articulated by the Sixth Circuit in *Shane Group*. As previously stated by the Court (Doc. 92), defendants carry the heavy burden of overcoming the presumption of openness document-by-document with reference to specific reasons and/or legal citations. *Shane Grp.*, 825 F.3d at 305-06. Defendants' response to plaintiff's motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether plaintiff objects. *Id*. at 306.

Moreover, the Court recognizes there may be a compelling interest in maintaining the confidentiality of certain documents. It is not the Court's prerogative to assume, however, that the entirety of every document filed in connection with the parties' briefs in this case must be sealed. To do so would reflect consideration of only the first of the three *Shane Group* factors. *See Kondash*, 767 F. App'x at 637. Further, the fact that these documents may have been marked "confidential" and produced pursuant to a protective order does not justify their sealing. In *Shane Group*, the sole justification for sealing documents in that case was that the filings included materials "designated as a confidential" pursuant to a joint protective order. *Shane Grp.*, 825 F.3d at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id*. The Court of Appeals stated, "In sealing all these documents and exhibits, the parties and the district court plainly conflated the standards for entering a protective order under Rule 26 with the vastly more demanding standards for sealing off judicial records from public view." *Id*. at 307. The Sixth Circuit explained that "a mere protective order [that] restricts access to discovery materials is not reason enough, as shown above, to seal from public view materials that the parties have chosen to place *in the court record*." *Id*. (emphasis in original).

4

Accordingly, defendants are **ORDERED** to respond to plaintiff's motion (Doc. 99) within **seven (7) days** of the date of this Order in a manner consistent with the law summarized above.

    **IT IS SO ORDERED**.

Date: 7/19/2022

*Karen L. Litkovitz*
Karen L. Litkovitz
Chief United States Magistrate Judge