# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ESTATE OF RENATO MARTI,  
    Plaintiff,

vs.

DELPHINE RICE, et al.,  
    Defendants.

Case No. 1:19-cv-980  
Barrett, J.  
Litkovitz, M.J.

**ORDER**

On July 14, 2022, plaintiff filed a motion for leave to file exhibits in support of the opposition to defendants' motion for summary judgment under seal or, in the alternative, for an order directing plaintiff to file the exhibits on the public docket. (Doc. 99). In the motion, plaintiff identified the following documents that plaintiff sought to file on the docket of the Court under seal in support of the response in opposition to defendants' motion for summary judgment:

- Ex. 31 – NaphCare LPN Job Description
- Ex. 33 – "Nursing Protocol 101" Training Presentation
- Ex. 36 – Nursing Protocol: Head Injury
- Ex. 37 – Marti Progress Notes
- Ex. 51 & 52 – Rice/Spiers Training History
- Ex. 54 – "Documentation" Training Presentation
- Ex. 57 – Nursing Protocol: Abrasion/Laceration/Wound
- Ex. 58 – Delphine Rice Disciplinary Form
- Ex. 63 – NaphCare Mortality Review
- Ex. 64 – Emails – Maria Perdikakis/Sgt. Pierce
- Ex. 65 – Emails – Maria Perdikakis/Delphine Rice
- Ex. 66 – Delphine Rice Disciplinary Form - Final Written Warning

(*Id*. at PAGEID 2773; *see also* Doc. 115 at PAGEID 3201-02). On July 19, 2022, the Court ordered defendants to respond to plaintiff's motion within seven days of the date of its Order, explaining, with specificity, why the documents should be sealed pursuant to the factors articulated by the Sixth Circuit in *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). (Doc. 115).

On July 22, 2022, plaintiff filed a supplemental memorandum identifying four additional documents that plaintiff seeks to file on the docket of the Court in support of the response in opposition to defendants' motion for summary judgment:

- Ex. 56 – Marti 2014 Receiving Screening
- Ex. 50 – NaphCare Intoxication, Detoxification, and Withdrawal Policy
- Ex. 62 – NaphCare Policy and Practices Manual (Full)
- December 20, 2017 Mortality Meeting Minutes and Physician Death Summary, identified by Bates numbers GB005782-GB005789 (produced by Defendants in discovery)

(Doc. 118 at PAGEID 3213-14). Plaintiff states that these additional documents "all directly relate to Plaintiff's claims regarding NaphCare's policies and procedures, medical record-keeping, and care and treatment of Renato Marti," and "contain important evidence demonstrating disputes of fact which should preclude summary judgment in this case." (*Id*. at PAGEID 3214). Plaintiff states that counsel for plaintiff "conferred with counsel for Defendants via email concerning these documents." (*Id*.). Plaintiff further states that defendants "object[ed] to filing these documents and references to their content on the public docket" because "their contents qualify as 'Confidential Information' not subject to public disclosure as defined in the [parties' stipulated protective] Order." (*Id*.).

To the extent that plaintiff seeks to file the above additional four documents under seal, and to the extent that defendants object to plaintiff filing the additional documents on the public docket, defendants are **ORDERED** to respond to plaintiff's supplemental memorandum (Doc. 118) within **seven (7) days** of the date of this Order, explaining, with specificity, why the documents should be sealed pursuant to the factors articulated by the Sixth

2

Circuit in *Shane Group* and in accordance with the previous Orders of the Court (Docs. 92, 115).

  **IT IS SO ORDERED**.

Date: 7/26/2022

                  Karen L. Litkovitz
                  Chief United States Magistrate Judge